UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW STEPHENS,

       Petitioner,                Civil No. 2:21-CV-11537
                                    Hon. George Caram Steeh
   v.                         United States District Judge

MICHELLE FLOYD,

       Respondent.
_____/

## OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING AS MOOT THE MOTIONS TO PROCEED IN FORMA PAUPERIS (ECF No. 2) AND FOR IMMEDIATE CONSIDERATION (ECF No. 3); AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

      Andrew Stephens, ("petitioner"), confined at the Central Michigan

Correctional Facility in St. Louis, Michigan, filed a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges the

Michigan Parole Board's decision to deny him release on parole for his

conviction out of the Saginaw County Circuit Court for one count of

breaking and entering an occupied dwelling, several counts of first-degree

criminal sexual conduct, one count of assault with intent to do great bodily

harm, and being a second felony habitual offender.  For the reasons that

follow, the petition for writ of habeas corpus is SUMMARILY DENIED.

- 1 -

## I. Background

Petitioner was sentenced to forty to sixty years in prison on the first-degree criminal sexual conduct convictions, ten to fifteen years in prison on the breaking and entering conviction, and six to ten years in prison on the assault with intent to do great bodily harm conviction.  Petitioner has been denied parole several times, most recently on March 1, 2021.

Petitioner seeks habeas relief, claiming that the Parole Board violated his constitutional rights by denying him parole by ignoring the Michigan Parole Guidelines, which scored petitioner of having a high probability of being paroled.

## II.  Discussion

The petition for writ of habeas corpus must be dismissed because petitioner fails to state a claim upon which habeas relief can be granted.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  A federal district court is authorized to summarily dismiss

a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F. 3d 134, 140 (6th Cir. 1970).  A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141.  No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.; See also Mahaday v. Cason,* 222 F. Supp. 2d 918, 919 (E.D. Mich. 2002)("Under the federal statutes governing habeas corpus proceedings, an answer to a petition for habeas corpus is not required unless the court orders one.").

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that petitioner's parole denial claims do not entitle him to habeas relief, such that the petition must be

summarily denied. *See McIntosh v. Booker,* 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

As an initial matter, petitioner admits that he did not exhaust his claims with the state courts.  However, in light of the fact that Michigan law does not permit a prisoner to appeal an adverse decision by the Michigan Parole Board, petitioner's failure to exhaust his parole denial claims with the state courts is excusable. *See Jackson v. Jamrog,* 411 F. 3d 615, 618 (6th Cir. 2005).

Petitioner's primary claim is that he has wrongfully been denied release on parole.

There is no constitutional right of a convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *See also Board of Pardons v. Allen*, 482 U.S. 369, 377, n. 8 (1987). Stated more succinctly, there is no federal constitutional right to be paroled. *See Gavin v. Wells*, 914 F. 2d 97, 98 (6th Cir. 1990); *Lee v. Withrow*, 76 F. Supp. 2d 789, 792 (E.D. Mich. 1999).  The Sixth Circuit has repeatedly held that Michigan's parole statute does not create a liberty interest for a prisoner to be paroled prior to the expiration of his or her sentence. *See Crump v. Lafler*, 657 F. 3d 393, 404-05 (6th Cir. 2011); *Foster v. Booker*,

595 F.3d 353, 368 (6th Cir. 2010); *Caldwell v. McNutt*, 158 F. App'x. 739,

740-41 (6th Cir. 2006), *Ward v. Stegall,* 93 F. App'x. 805, 806-07 (6th Cir.

2004)*; Carnes v. Engler,* 76 F. App'x. 79, 80 (6th Cir. 2003); *Sweeton v.*

*Brown*, 27 F.3d 1162, 1164–165 (6th Cir.1994)(en banc).

Petitioner contends that the Michigan Parole Board violated his rights

by ignoring the Michigan Parole Guidelines, which gave petitioner a high

probability score for being paroled.

The fact that petitioner had been given a high probability score for

being paroled did not give rise to a protected liberty interest in petitioner

being paroled. *See Crump v. Lafler,* 657 F. 3d at 403-04.  The Sixth Circuit

in *Crump* noted:

> While Petitioner may have been classified as a "high probability
> of parole," a *probability* does not equal a presumption.  As
> defined by the *Oxford English Dictionary*, probability means
> "[t]he property or fact of being probable, esp. of being uncertain
> but more likely than not." Oxford English Dictionary (3d ed.
> 2007). Everyday parlance is quite consistent with this definition:
> "probability" lies at some distance from certainty.  Neither can a
> probability, incorporating as it does that degree of uncertainty,
> rise to the significance of a mandated result, or a presumption.
> Even if a grant of parole were viewed as "more likely than not"
> to occur, the outcome nonetheless remains "uncertain," and
> therefore "more likely than not" cannot create a presumption's
> "entitlement" to that result; there can be no legitimate
> expectation or entitlement properly founded on the basis of an
> event the occurrence of which is merely "likely."

*Crump,* 657 F. 3d at 404 (emphasis original).

In addition, the fact that Michigan's parole scheme requires the Michigan Parole Board to provide substantial and compelling reasons to depart above the parole guidelines range, as required by Mich. Comp. Laws § 791.233e, does not create a protected liberty interest in petitioner being released on parole. *See Carnes v. Engler,* 76 F. App'x. at 80.

Where an inmate has no legitimate expectation of, and thus no liberty interest in, receiving parole, as is the case here, a parole board's failure to set an inmate's release date in accordance with parole guidelines does not give rise to a due process claim. *Johnson v. Renico,* 314 F. Supp. 2d 700, 713 (E.D. Mich. 2004); *See also Coleman v. Martin,* 63 F. App'x. 791, 792-93 (6th Cir. 2003)(prisoner could not maintain § 1983 action based upon the erroneous scoring of his parole guidelines).

Petitioner is not entitled to relief on his claim.

Petitioner filed a motion to proceed *in forma pauperis.* Petitioner has now paid the $ 5.00 filing fee on July 1, 2021. The motion is denied as moot.

Petitioner has also filed a motion for immediate consideration. In light of the fact that the petition is being summarily denied, the motion for immediate consideration is likewise denied as moot.

### III. Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny petitioner a certificate of appealability because he failed to make a substantial showing of the denial of a federal constitutional right. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).  The

Court will also deny Petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

### IV.  ORDER

Based upon the foregoing, **IT IS ORDERED** that:

(1) The petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

(2) The motion to proceed *in forma pauperis* and the motion for immediate consideration are **DENIED AS MOOT.**

(3) A certificate of appealability is **DENIED.**

(4) Petitioner will be **DENIED** leave to appeal *in forma pauperis*.

Dated:  July 30, 2021

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 30, 2021, by electronic and/or ordinary mail and also on Andrew Stephens #160296, Central Michigan Correctional Facility, 320 N. Hubbard, St. Louis, MI 48880.

s/Leanne Hosking
Deputy Clerk

---